Chief Justice SAYLOR,
dissenting.
. As the majority initially recognizes, under existing law, the. legal obligation of support should turn upon whether Appel-lee can be deemed to be a “parent” of A.S,’s children. See Majority Opinion, at 768-69 (citing 23 Pa.C.S. § 4321), Biological paternity obviously is a primary means of establishing legal parentage, accord 23 *772 Pa.C.S. § 4343 (providing for genetic testing as a means to establish paternity); adoption is another avenue. See In re Davies’ Adoption, 353 Pa. 579, 590, 46 A.2d 252, 257 (1946). Beyond that, the common law has recognized a presumption of paternity and the doctrines of paternity by estoppel, see generally K.E.M. v. P.C.S., 614 Pa. 508, 523-30, 38 A.3d 798, 806-11 (2012), neither of which appears to be the basis for the majority’s decision or an appropriate ground for establishing legal parenthood under the facts of the present case.
Instead, the majority seems to apply a looser equitable construct. See Majority Opinion, at 770-71 (“Equity prohibits Stepfather from disavowing his parental status to avoid a support obligation to the children he has so vigorously sought to parent.”). In this regard, the majority premises Appellee’s status as a parent on his “instigat[ing] litigation to achieve all the rights of parenthood at the cost of interfering with the rights of a fit parent.” Id. at 771.
I differ with the majority’s approach for several reasons. First, I note that Appellant’s complaint for child support was dismissed at the pleadings stage. Thus, there is no developed evidentiary record available to support a full and balanced inquiry into the overarching equities involved. Cf. K.E.M., 614 Pa. at 529, 38 A.3d at 810 (limiting the application of paternity by estoppel to instances in which “it can be shown, on a developed record, that it is in the best interests of the involved child” (emphasis added)).
I also observe that, in order to succeed in securing custody rights, Appellee was required to demonstrate clear and convincing reasons to overcome the strong presumption that custody should have been awarded to Appellant. See 23 Pa.C.S. § 5327(b). Furthermore, at least per the view of the family. court; Appellant has engaged in a course of “contemptuous” conduct relative to her treatment of the parties’ prior custody agreement. See A.S. v. I.S., No. 2010-0038, slip op. at 4 (C.P. Montgomery July 8, 2013). At the very least, to the degree that this case should turn on equitable factors, it would seem to me that there is a fuller range of these considerations to be evaluated by a fact-finder.
More broadly, I am uncomfortable with the majority’s fashioning of a new doctrine of parentage. The Legislature has seen fit to accord standing to pursue custody to those in loco parentis to children in furtherance of the children’s best interests. See 23 Pa.C.S. § 5324(2). The Assembly has not, however, concomitantly adjusted the law-of support. As there are mixed policy considerations involved, see, e.g., Leslie Joan Harris, The Basis for Legal Parentage and the Clash Between Custody and Child Support, 42 Ind. L. Rev. 611 (2009), I believe it is the Legislature’s purview to consider whether such adjustments should be implemented.
As an'aside, I note that in some jurisdictions, while an individual who voluntarily accepts custody of a stepchild may be held liable for support, such a person has the option of surrendering custody to alleviate the support obligation. See, e.g., Foust v. Montez-Torres, 2015 Ark. 66, 456 S.W.3d 736, 738 (Ark.2015). It is unclear whether, under the majority opinion, Appellee is to be accorded such option.[1]
Finally, in terms of Appellant’s constitutional arguments, it is significant to me that she is not challenging the shared custody award in the abstract, but rather its import in terms of the dismissal of her support complaint.. See Brief for Appel *773 lant at 31-33. The award of equal, shared, physical and legal custody to a non-parent (as opposed to visitation) over and against a fit parents wishes does, in my mind, raise serious constitutional concerns. Assuming that such award is permissible in the first instance, however, I do not find the Legislature’s failure to provide for a corresponding obligation of support to be disabling.

. Certainly, read against the family court’s existing best-interests determination, the effect of an exercise of. such an option upon the children involved would be detrimental.